RUTSKY *v.* SANTA LUCIA.

(Decided September 23, 1929.)

*Messrs. Davis, Young & Vrooman,* for plaintiff in error.
*Mr. William J. Corrigan,* for defendant in error.

VICKERY, P. J. This cause comes into this court

on a petition in error to the common pleas court of Cuyahoga county, the purpose being to reverse a judgment rendered against the plaintiff in error, Hyman Rutsky, who was defendant below, in favor of the defendant in error Merci Santa Lucia, who was plaintiff below.

The case was tried to a jury, and the jury found for the plaintiff and assessed her damages in the sum of $1,000. A motion for a new trial was made and overruled, and a judgment rendered on the verdict, and it is to reverse that judgment that error is prosecuted here.

It seems that the plaintiff in error was the owner of some property over on Woodland avenue, and that he moved some ramshackle buildings from the street front onto the back part of his lot and fixed up what was originally intended as a single dwelling house into a three-suite tenement, and the plaintiff below was a tenant in one of the suites, she having a little living room, a single bedroom, and a kitchen. It further appears that a few days before she rented the property a part of the kitchen ceiling had fallen off, caused by a leak apparently in the waterpipes that served a suite above the one rented by plaintiff, the waterpipe running between the ceiling of the plaintiff's suite and the floor of the suite above, and that the landlord, who had charge of the suites and agreed to keep them in repair, repaired this ceiling by replastering it; that later on, after plaintiff moved in, and while she was washing dishes in the kitchen, the ceiling that was repaired suddenly gave way and fell, not only the part that had been repaired, but taking with it other parts of the ceiling; and that it fell upon the plaintiff and

knocked her senseless on the floor, and, as stated in the petition, injured and bruised her in several ways. Whereupon she brought this action and recovered a judgment.

Several errors are alleged why this verdict should not be sustained. One is that the motion to direct a verdict in favor of the landlord ought to have been granted on the authority of several cases in Ohio where the landlord has parted with possession, to the effect that the tenant and not he is responsible, or, at least, that he is not responsible for any accident that takes place on the demised premises. That would be true if the record in this case did not show that the defendant here had charge of the repairs, and undertook to and did repair; that this plaintiff was a tenant from month to month and when she went in there, or shortly thereafter, she noticed that the water was leaking from the ceiling, and called the landlord's attention to it, not only once, but two or more times, and each time he promised to again repair the place; and that, before he did so, six days after she moved in this plaster fell down and caused the injury.

We do not think this case comes within the rule of any of the cases cited by the plaintiff in error as to excusing the landlord from liability.

Several errors have been committed in this lawsuit, but they are errors against the plaintiff. For example, if you will examine the charge of the court, in which he took from the jury a good many things that were alleged in the petition, you will notice that he did not tell the jury that there was no evidence to sustain them, but nevertheless he struck them from the petition, and several other things along

the same line; but notwithstanding the rulings of the court, the jury found for the plaintiff, and the court, notwithstanding his rulings, did not find that it was within his power or province to disturb the verdict or to grant a new trial. He had the whole matter before him and knew more about the case than we can possibly know.

It is urged that the verdict is excessive, but the amount is a matter for the jury unless it is so grossly excessive as to show passion or prejudice. We do not know how badly this woman was injured, but we think there is evidence to sustain this verdict. We see no error in the record that would warrant us in disturbing the judgment, and it will therefore be affirmed.

*Judgment affirmed.*

SULLIVAN, J., concurs.
LEVINE, J., not participating.